putably imposed upon property owned by the United States. Because I deem a reargument to be required, I do not mean to imply that it would lead to a different result. The basis of an adjudication may be as important as the decision. The Court has rightly been parsimonious in ordering rehearings, but the occasions on which important and difficult cases have been reargued have, I believe, enhanced the deliberative process.

No. 816. NEW YORKER MAGAZINE, INC., v. GEROSA, COMPTROLLER OF THE CITY OF NEW YORK, ET AL., 356 U. S. 339;

No. 850. POMPEI WINERY, INC., v. OHIO BOARD OF LIQUOR CONTROL, 356 U. S. 937;

No. 859. BOSTON & PROVIDENCE RAILROAD CORP. ET AL. v. NEW YORK, NEW HAVEN & HARTFORD RAILROAD CO., ET AL., 356 U. S. 939;

No. 334, Misc. BILDERBACK v. UNITED STATES, 356 U. S. 940;

No. 510, Misc. LEE v. BURFORD, WARDEN, 356 U. S. 935; and

No. 554, Misc. BILDERBACK v. UNITED STATES, 356 U. S. 946. Petitions for rehearing denied.

JUNE 16, 1958.